RENEWALS, per year, payable in advance (50 issues) $15.00.

PREMIUM. Subscribers who remit $12.00 cash with their renewal order, get credit for $15.00, (25 per cent more than the payment) thus reducing the price to them by $3.00.

DELINQUENTS. If advance remittance is not made, the Abstract is continued, at the full price ($1.25 per month) until notice to stop is given, and arrears paid.

## EXPIRATIONS

NOTICES OF. We send notices to subscribers, beginning four weeks in advance of the date to which their subscription is prepaid. Thus assuring them of ample knowledge in time to make renewals, and save the 20% we give to those who mail the money in advance.

EXTENSIONS. All overtime on expired subscriptions, that were not prepaid will be charged and billed to those who continue to receive the paper, at the full price of $1.25 per month, until payment and prepaid renewal are again made.

## DIGESTS AND PRICES

First, Second and Third, 1927 Quarterly Digests, (Nos. 14, 26 and 36 of Abstract) Free to all paid-up Abstract 1927 subscribers.

To non-subscribers to the Abstract $1.50 each. (Fourth not issued separately).

1927 Annual Digest, (Issued in December), No. 50 of Abstract, Free to all paid-up Abstract, 1927 Subscribers.

To non-subscribers to the Abstract, net $3.50.

## THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.

Cleveland, O.

## STAFF

Jay F. Laning........................Business Director

Sheldon R. Laning....................Editorial Director

Saw H. Torrey....................Circulation Manager

---

\* No. 802

## CLEVELAND RAILWAY CO. v. BRUCH
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6932. Decided Dec. 6, 1926.
First Publication of this Opinion.

1235. VERDICT—Where there is evidence to warrant a substantial verdict, such verdict will not be disturbed merely because reviewing court, if it was fixing amount of damages, might not have gone as high as jury.

225. CHARGE OF COURT—Not error for court to refuse to give charge, as written in special request, where such request contains abstract principle of law, but not all the law, and would have been misleading, if given in that form.

Error to Common Pleas.

Judgment affirmed.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

Bernon, Mulligan, Keeley & LeFever, Cleveland, for Bruch.

FULL TEXT.

VICKERY, J.

This action comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

In the court below defendant in error recovered a judgment against The Cleveland Railway Company in the sum of $2000, for personal injuries received while he was a passenger on one of the cars of The Cleveland Railway Company, which came in collision with another car of the same company. That a liability existed is not in dispute. The only claim is that the verdict was so excessive that it ought not to stand, that it showed passion or prejudice on the part of the jury.

We have gone over this record, heard the arguments of counsel and we do not think there is sufficient error in this record to warrant a reversal of the judgment. It might be that if this court was fixing the amount of damages they would not have gone as high as the jury, but there is evidence in the record that would warrant a substantial verdict, and the jury having found for the plaintiff, we do not feel called upon to disturb the verdict.

The error with respect to the charge is over estimated. It is rather doubtful whether the court did commit error in refusing to give this charge as written in the special request, and it must be remembered that the court had no right to modify or change the terms of that writing, and while it contained an abstract principle of law, we do not think it contained all the law, and it would have been misleading, had the court given it in that form. The court did, however, correctly charge the principle embodied in this special request in his general charge. We are well aware of the rule that if the court refuses to give a proper request before argument, the subsequent giving of that request does not cure the error, but it is very questionable whether this was a proper request in the instant case.

The only claim made by counsel was that he did not have a chance to argue the proposition before the jury as to the incorrectness of the testimony of the plaintiff. The testimony was before the jury as was also a contradiction, if there were any by other witnesses, and we know of no rule which would have prevented counsel from arguing this point to the jury to his heart's content within the time allowed by the court.

Taking the whole record we cannot say that substantial justice has not been done, and the verdict and judgment thereon will be affirmed.

(Levine, PJ. and Sullivan, J., concur.)